# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Debra Crawford, | ) |
| | ) Civil Action No.: 8:17-cv-02799-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| Commissioner of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on November 7, 2018. (ECF No. 16.) The Report recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"), which denies Plaintiff Debra Crawford's ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (*Id.* at 1.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report, incorporating it herein, and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL HISTORY

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 16 at 1–3.) As brief background, Plaintiff filed an application for DIB and SSI on May 21, 2014, alleging the onset of a disability on April 4, 2011. (ECF No. 10-5 at 2.) Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. (ECF No. 10-3 at 2–27, 30–59.) After an administrative hearing was first held on July 19, 2016, an administrative law judge ("ALJ") issued a decision regarding Plaintiff's disability status on December 7, 2016. (ECF No. 12 at 21–36.) Using a five-step

1

sequential process established by the Commissioner, the ALJ first found that Plaintiff met the Social Security Act's insured status requirements and was not engaged in a substantial gainful activity since April 4, 2011. (ECF No. 10-2 at 25–26.) Next, the ALJ determined that Plaintiff possessed the following severe impairments under the applicable regulations: degenerative disc disease, status post right rotator cuff repair, asthma, and obesity. (*Id.* at 27 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).) Afterwards, the ALJ reasoned that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." (*Id.* at 29–30.) The ALJ then considered the "entire record" and found that Plaintiff possessed the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant [could] occasionally climb ramps or stairs[,] but never ladders ropes or scaffolds." (*Id.* at 30.) Further, the ALJ opined, as it relates to Plaintiff's RFC, that "[s]he can occasionally kneel or crouch, but never crawl, and she cannot perform any overhead reaching." (*Id.*) He further stated that Plaintiff "must avoid concentrated exposure to fumes, dusts, odors, or other pulmonary irritants. Finally, she must avoid exposure to workplace hazards such as unprotected heights or dangerous moving machinery." (*Id.*) Lastly, after considering Plaintiff's age, education, past work, and RFC, the ALJ reasoned that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.* at 35–36.) The ALJ ultimately concluded that Plaintiff was not disabled under the Social Security Act. (*Id.*)

On December 12, 2016, Plaintiff submitted a request to the Appeals Council ("the Council"), which sought review of the ALJ's decision. (*Id.* at 20.) Plaintiff's request for the Council to review the ALJ's decision was denied on September 21, 2017. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.* at 2.) *See also Meyer v. Astrue*,

662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on October 17, 2017. (ECF No. 1.)

The Magistrate Judge entered her Report on November 7, 2018. (ECF No. 16.) In the Report, the Magistrate Judge first reasoned, as it relates to the testimony of Plaintiff's physicians, that "[w]hile an ALJ is charged with weighing the opinions of treating physicians, he is not obligated to give weight to a physician's opinion on the issue of disability." (*Id.* at 28.) She further found that "the ALJ proceeded exactly as the rules require" and concluded the Grid Rules were not conclusive in this case because they were used "as a framework" by the ALJ. (*Id.* at 29-30.) For example, she reasoned that "the ALJ consulted a [vocational expert] and presented a hypothetical that incorporated the limitations found in the record." (*Id.*) Lastly, the Magistrate Judge found that Plaintiff provided new evidence to the Council, which "does not relate back to the relevant time period," which forecloses the remand of her case. (*Id.* at 31–32.) For these reasons, the Magistrate Judge recommends that the court affirm the decision of the Commissioner. (*Id.* at 32.)

The parties were apprised of their opportunity to file written, specific objections to the Report. (ECF No. 16.) On November 21, 2018, Plaintiff timely filed her Objection to the Magistrate Judge's Report. (ECF No. 18.) Within her Objection, Plaintiff begins by stating the following:

> "We explained in our briefs that the ALJ failed to properly evaluate the opinion evidence that consistently supported a limitation to sedentary work and that the Appeals Council failed to consider new and material evidence that related to the relevant time period. . . . Respectfully, the Magistrate Judge is mistaken."

3

(*Id.* at 1.) Next, Plaintiff provides numerous pieces of evidence that the Magistrate Judge should have considered and stated that the ALJ "did not provide [] reasons for rejecting the [opinions of her] treating physicians . . . ." (*Id.* at 3.) The Commissioner replied to Plaintiff's Objection on December 4, 2018, arguing that Plaintiff "did not . . . identify any errors" within the Magistrate Judge's Report, and Plaintiff raised issues that have already been addressed in the case. (ECF No. 19 at 1–2.) Because this matter has been fully briefed, it is now ripe for the court's review. *See generally Sauls v. Wyeth Pharm., Inc.*, 846 F. Supp. 2d 499, 501 (D.S.C. 2012) ("The parties have fully briefed the issues, and this matter is ripe for consideration.").

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Jones v. Hamidullah*, No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005).

In the instant case, the court has reviewed Plaintiff's Brief (ECF No. 12), Plaintiff's Objection (ECF No. 18), and the Report (ECF No. 16). After examining all of the pleadings, the court concludes that Plaintiff's Objection restates arguments that are adequately addressed by the Report. (*Compare* ECF No. 18 at 1–8, *with* ECF No. 16 at 16–32.) Moreover, Plaintiff's Objection

5

largely mirrors his Brief, almost verbatim, which was explicitly before the Magistrate Judge and considered by the Report. (*Compare* ECF No. 18, *with* ECF No. 12.) As such, a *de novo* review is unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). This court declines to hear rehashed arguments from Plaintiff. *Orpiano*, 687 F.2d at 47. The court finds that the Report adequately addresses Plaintiff's Objection, is well-reasoned, and properly analyzes the rehashed issues from Plaintiff.[1] *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a magistrate's report in which the court concurred "with both the reasoning and the result"). Therefore, the Report is adopted herein, and all of Plaintiff's objections are overruled.

## IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 18) and the Magistrate Judge's Report (ECF No. 16), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16) and **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 29, 2019
Columbia, South Carolina

---

[1] To the extent that Plaintiff believes that the ALJ failed to provide reasons for rejecting the testimony of her treating physicians, Plaintiff's argument is without legal merit. (ECF No. 18 at 3.) The ALJ did not reject the testimony of her treating physicians, but rather accorded the testimony of "little weight." (ECF No. 10-2 at 33.) The ALJ's decision is clearly in accordance with precedent from the United States Court of Appeals for the Fourth Circuit. *See Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) ("[I]f a physician's opinion is not supported by clinical evidence or *if it is inconsistent with other substantial evidence*, it should be accorded significantly less weight." (emphasis added)).

6